Lane, C. J.
We will first examine the plaintiff’s title. Boyd died in October, 1832. The question, whether a lease be realty or personalty, need not be here determined ; but I take the opportunity to express my apprehension, that the ease reported last year (Loring v. Melendy and others, 11 Ohio, 355) does not conclude this point, and I shall be ready to consider it, when it becomes necessary. But in this case, the leasehold descended to the heir, by the operation of the statute of distributions, (Swan’s Stat. 289,) unless affected by will. It was, however, thus disposed of. The will of Boyd gave his wife, 214] “ all his estate, real, leasehold and personal, and all ^moneys and proceeds which may arise from the same,” and all moneys remaining, after the payment of his debts, for the support of herself and family, with the power of making advancements. He directs what remains of his property, after his wife’s death, to be divided among his children, by his executors. He further directs his executors to lease the premises, and, after paying the ground rents and taxes, to pay the pro *215 ceeds to Ms wife. Now, the first clause, standing alone, would invest the wife with the title. But the power to lease, in the clause last cited, coupled with the burden of paying taxes and ground rents, implies a larger interest than a mere naked power ; and, by virtue ol that principle of interpretation by which the clauses which composo a complicated sentence are applied to the objects to which they properly belong, it explains the intention of the testator to be, not the limitation of an estate to the wife, but an interest in the “ proceeds.” The title of the land, then, is found in the executors of Boyd, and is not affected by the dismissal of the bill in chancery, in which the widow attempted to maintain her interest in the lease.
Next, as to the forfeiture. Our fathers were more conversant with thife curious learning than we are. The exaction of this right meets with little countenance from the law, and he who asserts it must strictly comply with every condition to the letter. “ It is a settled rule of the common law, that where a right of re-entry is claimed, on the ground of nonpayment of rent, there must be proof of a demand of the precise sum due, at a convenient time before sunset, on the day when the rent is due, upon the land, in the most notorious place on it, even though there be no person on the land to pay.” 17 Peters, 267; Saund. 287, note; 14 Eng. Com. Law, 483.
The defendant complains of the misdirection of the court, in instructing the jury that the demand must be made at sunset, not later, on the thirtieth day after the rent day, or at the last day in which the rent might be paid, to avert the forfeiture. That the demand must be made on this day, is distinctly settled, in many eases. Saund. 287, note. The time of day (at sunset) *is more favorable than that [215 given in the books. They unite in saying, not at sunset, not while light enough remains to see to read or to count money, but “ before sunset,” and it comports neither with our wishes nor our duties, to aid forfeitures, by straining words beyond their obvious meaning.
Another cause for new trial is, that the verdict, on this point, is contrary to evidence. Two witnesses speak of the demand on the 21st of November. One says it was about sunset; the other, that it was between sundown and dark. The jury might justly give credit to both, without finding the time of demand before or at sunset.
Another point of misdirection in the motion, is, in the instructions in relation to the sum which might lawfully be demanded. The lease between the parties was for ninety-nine years, renewable forever, at the rent of $500, to be increased to $600 in 1840. A part of the premises *216 were then on a temporary lease to Price, for ten years. The parties made another writing of the same date, providing that the Talberts should retain the Price lease, and Boyd be absolved from the payment of rent to that extent, during its continuance. Counsel insist that the condition is an entire thing, and if divided or apportioned, is destroyed, and the right of re-entry is lost.
If the court instructed the jury that the rent reserved was $125, and that this sum must have become due and demanded, before a forfeiture was incurred; or, that if a part had been paid, or the right to a part been lost by other arrangements, no right of re-entry would have remained, we believe two errors would have been committed : First:
The lease and the agreement about the Price lot bear date on the same day, and relate to one matter. In the absence of other proof, tlfey may be taken as parts of one transaction, and, taken together, tbey show the rent reserved to be, not $125, but $75, so that the demand should have been of that sum only. Second: The condition of the lease gives the right of re-entry and forfeiture, as well on the nonpayment of any part of the rent, as on a failure to pay the whole. The jury ought then to determine if the two instruments were parts of one 216] whole, and they should *have been instructed, if required, that the right sum to demand was the real amount due.
Now we have not, on the papers, the means of determining the exact instruction given, and the cause is reman ded to the county, that we may ascertain the terms of the charge with more certainty.
Cause remanded.